THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROY TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN NIELSON et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:23-CV-131-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, self-represented inmate Roy Taylor, brings this civil-rights action, *see* 42 U.S.C.S. § 1983 (2024).[1] Having now screened the Amended Complaint, (ECF No. 6), under its statutory review function, 28 U.S.C.S. § 1915A (2024),[2] the Court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2024).

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

## AMENDED COMPLAINT'S DEFICIENCIES

Amended Complaint:

**(a)** is not on the form complaint required by the Court.

**(b)** does not name all defendants in the caption.

**(c)** needs clarification on the standing doctrine. (See below.)

**(d)** improperly alleges civil-rights violations on a respondeat-superior theory--e.g. Defendant Nielson. (See below.)

**(e)** possibly asserts claims past the statute of limitations for civil-rights cases. (See below.)

**(f)** does not properly affirmatively link each specific civil-rights violation to specific named defendant(s). (See below.)

**(g)** does not adequately link each element of a claim of improper medical treatment to specific named defendant(s). (See below.)

**(h)** possibly inappropriately alleges a constitutional right to a grievance process. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process."); *Dixon v. Bishop*, No. CV TDC-19-740, 2020 U.S. Dist. LEXIS 41678, at \*20 (D. Md. Mar. 11, 2020) ("[P]risons do not create a liberty interest protected by the Due Process Clause when they adopt administrative mechanisms for hearing and deciding inmate complaints[;] any failure to abide by the administrative remedy procedure or to process [grievances] in a certain way does not create a constitutional claim.").

**(i)** possibly inappropriately alleges civil-rights violations on the basis of denied grievances. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**(j)** needs clarification for what constitutes a cause of action under the Americans with Disabilities Act (ADA). *See* 42 U.S.C.S. § 12101 (2024) (See below.)

**(k)** has claims apparently based on current confinement; however, the complaint was possibly not submitted using legal help Plaintiff is constitutionally entitled to by his institution--i.e., the prison contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims

---

28 U.S.C.S. § 1915A (2024).

challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(v) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(vi) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2024). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### • Standing

Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

### • Respondeat superior

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no respondeat superior liability under § 1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution."); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S.

397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee

relationship with a claimed tortfeasor. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658,

689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies

only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08

(10th Cir. 1998).

### • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section

1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when

"'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation

omitted. From the Amended Complaint's face, it appears some allegations are dated more than

four years before this case was filed.

### • Affirmative link

> [A] plaintiff who brings a constitutional claim under § 1983 can't
> obtain relief without first satisfying the personal-participation
> requirement. That is, the plaintiff must demonstrate the defendant
> "personally participated in the alleged constitutional violation" at
> issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018).
> Indeed, because § 1983 is a "vehicle[] for imposing personal
> liability on government officials, we have stressed the need for
> careful attention to particulars, especially in lawsuits involving
> multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th
> Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250
> (10th Cir. 2008) (explaining that when plaintiff brings §
> 1983 claims against multiple defendants, "it is particularly
> important . . . that the complaint make clear exactly *who* is alleged
> to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*,
> 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's
> analysis of plaintiff's § 1983 claims was "infirm" where district
> court "lump[ed]" together plaintiff's claims against multiple
> defendants--"despite the fact that each of the defendants had

> different powers and duties and took different actions with respect
> to [plaintiff]"--and "wholly failed to identify specific actions taken
> by particular defendants that could form the basis of [a
> constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal."

*Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

personal-participation requirement will not only justify dismissal for failure to state a claim; it

will render the plaintiff's claim frivolous." *Id*.

### • Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials

to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v.

Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310

(10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide

proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence

deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.

1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs:

(1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a

sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209

(citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).  Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

• **ADA**

Plaintiff should also consider this information in amending the complaint:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [the defendant] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)).

Further,

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to

> provide '*meaningful* access' to their programs and services."
> *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185,
> 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations
> require public entities to 'make reasonable modifications in
> policies, practices, or procedures when the modifications are
> necessary to avoid discrimination on the basis of
> disability.'" *Id.* (quoting 28 C.F.R. § 35.130(b)(7)).

*Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016).

Finally, Plaintiff may not sue any defendant in an individual capacity under ADA.

*Watson v. Utah Highway Patrol*, No. 4:18-CV-57-DN-PK, 2019 U.S. Dist. LEXIS 234094, at *

6 (D. Utah 2019).

> "Only public entities are subject to Title II." *City and Cty. of San
> Francisco v. Sheehan*, 575 U.S. 600, 135 S.Ct. 1765, 1774, 191 L.
> Ed. 2d 856 (2015). The Tenth Circuit has held "that the ADA
> precludes personal capacity suits against individuals who do not
> otherwise qualify as employers under the statutory definition."
> *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir.
> 1999). *See also, Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.
> 1996) ("We hold that the [ADA] does not provide for individual
> liability, only for employer liability."); *Badillo v. Thorpe*, 158 F.
> App'x 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity
> liability under Title II of the ADA.").

*Watson*, 2019 U.S. Dist. LEXIS, at *6-7.

## ORDER

**IT IS HEREBY ORDERED** as follows:

**(1)** Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted

above by filing a document entitled, "Second Amended Complaint," that does not refer to or

include any other document. (ECF No. 6.)

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form

civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint, filed April 7, 2023, (ECF No. 6). The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**(5)** Plaintiff shall not try to serve an amended complaint on any defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2024) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(6)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of

jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

(7)  Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

(8) No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

(9) Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

DATED this 7th  day of May, 2024.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court

"